## BUCHHOLZ v. GRANITE SAV. BANK & TRUST CO.

### (Circuit Court of Appeals, Fourth Circuit. February 16, 1911.)

### No. 1004.

1. USURY ☞83—STATUTE INAPPLICABLE TO CORPORATIONS.

The effect of the New York statute providing that corporations may not plead usury is to render the usury statute inapplicable to contracts of corporations.

2. JURY ☞28(17)—STIPULATION WAIVING JURY; EFFECT OF CHANGE OF ISSUES.

Where, after a stipulation waiving a jury, the pleadings are so amended as to change the issues, it is discretionary with the court to permit a party to withdraw from the stipulation.

In Error to the Circuit Court of the United States for the District of Maryland, at Baltimore.

Action at law by the Granite Savings Bank & Trust Company against George F. Buchholz. Judgment for plaintiff, and defendant brings error. Affirmed.

Certain proceedings in the court below are set forth as follows:

The Court: With regard to the point counsel have submitted this morning, unless there is a statute that is applicable, there is no such thing as usury. Parties have a right to make any bargain they choose, unless they are forbidden by statute. A statute which says you shall not pay more than such a per cent. is a binding statute on all parties, and any contract made has to conform thereto. But it may be provided that a certain class of persons are not to have the benefit of the statute, and if there is any such statute governing the amount of percentage to be charged, so far as that class of persons is concerned, the statute does not apply to that class. Therefore, when it says in New York state no corporation shall plead usury, it wipes out the usury statute so far as that particular class is concerned, so far as corporations are concerned. Does this come before me on demurrer?

Mr. Forbes: We demur to their plea.

The Court: Then I sustain the demurrer.

The next point brought before the court was whether or not a jury trial had been waived by counsel for defendant.

The Court: When the case was before me on a previous occasion, it came out in the testimony that Mr. Buchholz was an indorser who had not received formal notice of demand and protest for nonpayment by the indorser.

It is a rule of law and practice that when testimony is adduced, if it appears that the testimony does not support the declaration on which suit was brought, the court should allow an amendment of the declaration so as to conform to plaintiff's proof, if his proof has set up a legal claim. The proof adduced on that occasion tended to show that, although there had not been any formal demand or any formal protest for nonpayment by the indorser, yet there were circumstances which tended strongly, in my judgment, to show that Buchholz had waived those formalities, and therefore it was proper, as I thought, that the pleading should be amended, so as to set forth that although there was no formal demand and protest against him as indorser, he had by his conduct, or statements, I have forgotten now how it was exactly brought to the attention of the court, waived those formalities and of that waiver the plaintiffs were entitled to the benefit. Therefore I gave leave to amend the declaration.

It is true that, if circumstances are such that an amendment could be made at the trial table, the case would go on, and in this instance would have been heard by me under that agreement. It is, however, within the

discretion of the court whether the case to be tried now is in any manner different from the case which was to have been tried before. It is different in this respect: That the testimony as to waiver is to be presented, and the defendant's testimony is to be presented, and the question of the weight of the testimony, if there is any conflict, is to be passed upon. As I have said before, while the matter is within my discretion, and while I might very well say that the former agreement held, and the case must be tried before the court, still, as has been suggested, it is a delicate matter for the court to say, where there has been a change in the issue to be tried, you must try the case before the court, although no jury was asked for in the first instance, and although in the beginning the parties might have claimed the right of trial by jury, yet, as I have said, it is rather a delicate position for the court to say you must try your case before the court, and therefore I shall avoid that embarrassment by allowing a jury trial.

Richard B. Tippett and William S. Bansemer, both of Baltimore, Md. (Bansemer & Solter, of Baltimore, Md., on the brief), for plaintiff in error.

George Forbes, of Baltimore, Md., and John M. Woolsey, of New York City (Convers & Kirlin, of New York City, on the brief), for defendant in error.

Before PRITCHARD, Circuit Judge, and McDOWELL and ROSE, District Judges.

PER CURIAM. We find no error. Affirmed.